UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RAYMOND GONZALEZ, 99-A-1878,

                    Plaintiff,

                                                    DECISION AND ORDER
          -v-                                        04-CV-6032 CJS

SGT. D. BOROWSKY, et. al.,

                    Defendants.

_____


INTRODUCTION

          This is an action in which the plaintiff, a prison inmate proceeding *pro se*, is suing

pursuant to 42 U.S.C. § 1983.    Now before the Court is plaintiff's application [#42] for

injunctive relief.  For the reasons that follow, the application is denied.

BACKGROUND

          This lawsuit alleges that while plaintiff was housed at Attica Correctional Facility

("Attica") in 2003, defendants Norman Rausche, Barbara Higley, Stephen Laskowski,

Darryl Borawski, James Liberatore, Eric Stoerr, and Michael Karlinski, violated his

constitutional rights by denying him medical treatment and/or by subjecting him to

excessive force.  At present, plaintiff is confined at Elmira Correctional Facility ("Elmira")

in the Special Housing Unit ("SHU").  Liberally construing plaintiff's application for

injunctive relief, he is alleging that he is the subject of a retaliatory deprivation order,

pursuant to which all property and furnishings, except for his mattress, have been

removed from his cell.  Plaintiff states that he has no blanket, sheets, or pillow, and that

1

he cannot sleep due to being cold.

Plaintiff contends that defendants are using the deprivation order to retaliate against him for filing lawsuits against prison staff.  In that regard, in addition to the instant case, plaintiff has at least two other lawsuits against corrections staff pending before this Court. (04-CV-6612, 05-CV-6472)  However, he admits that he refused to obey a direct order from the Superintendent of Elmira to remove a paper structure that he had built in his cell. (See footnote 1 below) Some of plaintiff's claims appear fanciful. For example, he contends that defendants are attempting to kill him using a mechanical device which blows an "infectious chemical substance" into his cell through the air duct in the ceiling. ("I was and [am] confined in a cell prepared for the purpose of kill me [sic] with said chemical substance.")[1]

Pursuant to the Court's Order [#44], defendants filed a response to plaintiff's application.  First, defendants deny that plaintiff's constitutional rights are being violated.  In that regard, Stephen Wenderlich, a Corrections Captain at Elmira, submitted an affidavit in which he states the following: 1) plaintiff "often acts bizarre and irrational", and believes that he is "being exposed to infectious chemicals"; 2) acting on this irrational belief, plaintiff frequently erects barriers in his cell, using "bedding, papers, toilet paper or other materials in his cell", which "obstructs the visibility" into his cell; 3) plaintiff also has  "repeatedly throw[n] items from his cell including feces, urine, burning paper, and garbage"; 4) as a result of these behaviors, plaintiff has received cell

---

[1]According to plaintiff, the direct order that he refused to obey was that he remove from his cell "a tower or canopy of newspaper which I did fabricate and put hanging from the ceiling of my cell to take care my person [sic] against the chemical agents and infectious harmful chemical substance which the correction staff make throw me [sic] through the ventilator of my cell for the purpose of kill me [sic]." (Pl. letter dated December 11, 2005)

deprivation orders, pursuant to which all property is removed from his cell, except "his clothing, a mattress, a pillow and his current legal work"; 5) the temperature in the S.H.U. is "consistently in the mid-seventy degree Fahrenheit range"; and 6) plaintiff has not been subject to a deprivation order since March 29, 2006.  Defendants also contend that the Court has no jurisdiction to grant the application, since plaintiff's lawsuit is against officials at Attica, not Elmira, and does not involve a claim for conditions of confinement.

ANALYSIS

The standard for considering an application for a preliminary injunction is well settled:

> In most cases, a party seeking to obtain a preliminary injunction must establish that it will suffer irreparable harm in the absence of an injunction and demonstrate either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly in the movant's favor.

*Jolly v. Coughlin*,  76 F.3d 468, 473 (2d Cir. 1996) (citations and internal quotation marks omitted).

To establish a claim of retaliation by prison officials, an inmate must demonstrate "first, that he engaged in constitutionally protected conduct and, second, that the conduct was a substantial or motivating factor for the adverse actions taken by prison officials." *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003).  Moreover, "because prisoner retaliation claims are easily fabricated, and accordingly pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration, we are careful to require non-conclusory allegations." *Id.*  As for claims alleging unconstitutional

conditions of confinement, it is well settled that

> a prison official cannot be found liable under the Eighth Amendment for
> denying an inmate humane conditions of confinement unless the official
> knows of and disregards an excessive risk to inmate health or safety; the
> official must both be aware of facts from which the inference could be
> drawn that a substantial risk of serious harm exists, and he must also
> draw the inference.

*Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994).

Plaintiff's application must be denied.  First, the Court agrees with defendants that plaintiff has not obtained personal jurisdiction over anyone at Elmira in connection with his conditions of confinement there.  His lawsuit is against employees at Attica, arising out of incidents occurring in 2003 which have no connection to his present situation at Elmira.  Moreover, even if the application for injunctive relief were properly before the Court, plaintiff has not demonstrated his entitlement to such relief.  Plaintiff has not shown that the deprivation orders were retaliatory, and in fact, he admits that he violated prison rules by constructing barriers in his cell, and then refusing to remove them.  Nor has he shown that he is being subjected to inhumane living conditions.

CONCLUSION

Plaintiff's application [#42] for injunctive relief is denied.

So Ordered.

Dated: Rochester, New York
         April 7, 2006

ENTER:


/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge